**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORIK NAVASARDYAN, | No. 06-70810 |
| Petitioner, | |
| v. | Agency No. A079-791-478 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2010[**]
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges; and BENNETT, District
Judge.[***]

Norik Navasardyan (Navasardyan) petitions this court for review of a Board

of Immigration Appeals's (BIA's) decision affirming the immigration judge's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

(IJ's) adverse credibility determination and denial of his requests for asylum, withholding of removal, and relief pursuant to the Convention Against Torture (CAT).

**1.** Substantial evidence supports the adverse credibility determination. The REAL ID Act does not apply because Navasardyan filed his application for asylum, withholding of removal, and CAT relief on November 5, 2002, which is before the May 11, 2005, effective date of the REAL ID Act. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). "Any inconsistencies relied upon by the BIA must go to the heart of the asylum claim to support an adverse credibility finding." *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010) (citation and footnote reference omitted). Navasardyan was inconsistent with respect to three issues that went to the heart of his persecution claim: (1) where the November 7, 2001, beating took place, (2) whether or not Navasardyan was jailed, and (3) the date that Navasardyan left Armenia.

**2.** "An IJ can demand corroborating evidence when [s]he has reason to question the applicant's credibility, and when the evidence requested is non-duplicative, material, and easily available." *Chawla v. Holder*, 599 F.3d 998,

1005 (9th Cir. 2010) (citations, alteration and internal quotation marks omitted). Navasardyan failed to provide material corroborating evidence establishing his identity and that he served in the army, was a Vazgen supporter, and was persecuted on the basis of a political opinion. Because Navasardyan was in contact with his family in Armenia and stated that he had witnesses in Los Angeles, the corroborating evidence was readily available.

**3.** Because Navasardyan's testimony was not deemed credible, to grant relief this court would have to conclude that the pertinent country report compels the conclusion that Navasardyan is more likely than not to be tortured if removed to Armenia. *See Shrestha*, 590 F.3d at 1048-49. However, the country report does not indicate that Navasardyan would face the threat of torture in Armenia. Therefore, substantial evidence supports the BIA's decision to affirm the IJ's denial of Navasardyan's application for CAT relief. *See Dhital v. Mukasey*, 532 F.3d 1044, 1052 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**